IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| WESTMORELAND ADVANCED MATERIALS, INC., | |
|---|---|
| Plaintiff, | 16cv0263<br>LEAD CASE<br>ELECTRONICALLY FILED |
| v. | |
| ALLIED MINERAL PRODUCTS, INC., | 16cv604<br>MEMBER CASE |
| Defendant. | |

**MEMORANDUM OPINION AND ORDER RE: DEFENDANT'S
RENEWED MOTION TO DISMISS UNDER RULE 12(b)(6) (DOC. NO. 23)**

This patent infringement case was initiated on March 7, 2016 by Plaintiff Westmoreland Advanced Materials, Inc. ("Westmoreland" or "Plaintiff") against Defendant Allied Mineral Products, Inc. ("Allied" or "Defendant"). Doc. No. 1. Allied filed an initial Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on May 2, 2016 (doc. no. 12), and Westmoreland filed a brief in opposition to Allied's motion (doc. no. 19), and an Amended Complaint (doc. no. 18).[1] In response to Westmoreland's Amended Complaint, Allied filed the instant pending motion, moving to dismiss the Amended Complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Doc. No. 23. For the reasons that follow, Defendant's Motion will be DENIED.

### I. Legal Standard Under Fed. R. Civ. P. 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a Complaint may be dismissed for "failure to state a claim upon which relief can be granted." Detailed factual pleading is not

---

[1] The original Complaint filed in this action included claims for infringement of United States Patent Nos. 7,368,010 B2 (the "'010 Patent"), 7,824,464 B2 (the "'464 Patent"), and 8,123,853 B2 (the "'853 Patent"). Doc. No. 1. In the Amended Complaint, Westmoreland removed claims regarding the '010 Patent. Doc. No. 18. Instead, Westmoreland filed another action against Allied, alleging infringement solely of the '010 Patent, at 16cv604, which has been consolidated with this action. Doc. No. 11.

required - - Rule 8(a)(2) calls for a "short and plain statement of the claim showing that the pleader is entitled to relief" - - but a Complaint must set forth sufficient factual allegations that, taken as true, establish a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Complaints must be construed so "as to do substantial justice." Fed. R. Civ. P. 8(f).

The plausibility standard does not require a showing of probability that a claim has merit, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007), but it does require that a pleading show "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. Determining the plausibility of an alleged claim is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

A claim is plausible when the plaintiff alleges facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Twombly*, 550 U.S. at 555. The United States Court of Appeals for the Third Circuit instructs that a District Court must undertake three steps to determine whether a complaint sets forth a plausible claim for relief:

> First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013) (citation omitted).

The third step requires this Court to consider the specific nature of the claims presented and to determine whether the facts pled to substantiate the claims are sufficient to show a "plausible claim for relief." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013); *see also Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010).

When reviewing a motion to dismiss for failure to state a claim, the Court must view all of the allegations and facts in the complaint in the light most favorable to the plaintiff, and must grant the plaintiff the benefit of all reasonable inferences that can be derived therefrom. *Kanter v. Barella*, 489 F.3d 170, 177 (3d Cir. 2007) (quoting *Evancho v. Fisher*, 423 F.3d 347, 350 (3d Cir. 2005)). However, the Court need not accept inferences or conclusory allegations that are unsupported by the facts set forth in the complaint. See *Reuben v. U.S. Airways, Inc.*, 500 F. App'x 103, 104 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678); *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 664.

The Court may not dismiss a complaint merely because it appears unlikely or improbable that Plaintiff can prove the facts alleged or will ultimately prevail on the merits. *Twombly*, 550 U.S. at 563 n.8. Instead, the Court must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. *Id.* at 556. Generally speaking, a Complaint that provides adequate facts to establish "how, when, and where" will survive a motion to dismiss. *Fowler,* 578 F.3d at 212. If a plaintiff sets forth sufficient facts to raise a "reasonable expectation that discovery will reveal evidence of the necessary elements" of plaintiff's claims, a motion to dismiss should be denied. *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016).

## II.     Brief Factual Background[2]

The allegations in Westmoreland's Amended Complaint, which are taken as true for the Court's evaluation of Allied's motion to dismiss, are as follows:

Westmoreland is the owner of United States Patents No. 7,824,464 B2 (the '464 Patent) and No. 8,123,853 B2 (the '853 Patent).  Westmoreland manufactures and sells refractory aggregate compositions, including the compositions claimed in the '464 and '853 Patents, which are used by companies in the aluminum industry.  Among other things, Allied also manufactures and sells refractory aggregate compositions.

In early 2015, Dr. Kenneth McGowan, president of Westmoreland, met with Allied representatives to discuss a potential business arrangement.  Sometime during or prior to those meetings, Allied learned about the '464 and '853 Patents.  Phil Wenzell, Manager of Strategy and Development of Allied, told Dr. McGowan that Allied planned to introduce a product specifically designed for the aluminum industry.  Dr. McGowan told Mr. Wenzell that was "fine as long as the product they were introducing was not based upon Westmoreland's technology." Doc. No. 18, ¶ 11.

Dana Gorski, Allied's Director of Research, told Dr. McGowan that Allied's new product was based upon aluminum titanate and not upon Westmoreland's technology.  However, the new Allied product(s), SENTIN-AL M and/or SENTIN-AL H, are not based upon aluminum titanate and are similar to Westmoreland's products AL II and AL II HD, respectively.

In 2013, Nemak, a manufacturer of aluminum components for automobiles, purchased Westmoreland's AL II product to use as a lining for one of its furnaces.  Nemak subsequently installed Westmoreland's AL II product in their furnaces in 2014 and 2015.  In 2015, Nemak

---

[2] The Court writes primarily for the Parties and will not set forth the factual background contained in the pleadings and briefs in great detail.

specified Westmoreland's ALL II product to be installed as the primary working lining refractory in Nemak's furnaces, but then did not install the product later in the year.

Instead, Allied submitted to Nemak a proposal to use SENTIN-AL M in place of the Westmoreland product. Nemak installed the SENTIN-AL M product in at least one of its furnaces. Westmoreland also alleges that it has similarly lost sales to other aluminum manufacturers, namely Ryobi Die Casting or its installer Empire Refractory Services, and Shiloh Industries Inc. or its installer Empire Solutions, which have purchased and installed Allied's SENTIN-AL M and/or SENTIN-AL H products in place of its patented AL II and AL II HD products. Westmoreland also alleges that Allied's SENTIN-AL M and SENTIN-AL H products are not staple article of commerce or commodities and have no substantial use apart from being used for lining aluminum manufacturing and/or processing equipment.

### III. Analysis

#### A. *Plaintiff Has Adequately Pled Direct Infringement by Third Parties*

Allied appears to concede that Westmoreland has adequately pled direct infringement of the ' 464 Patent in the Amended Complaint, but challenges the adequacy of the pleadings regarding direct infringement of the '853 Patent, specifically that Westmoreland has not alleged that any third party has "used Allied's SENTIN-AL products to line 'a rotary kiln and/or processing equipment,' as required by claim 1 of the '853 Patent." Doc. 23-1, pp. 3-4 (citing the '853 Patent). However, Westmoreland points to its allegation that "loaders, holding furnaces and die casting furnaces are all processing equipment[,]" (doc. no. 25 at p. 6), and that Allied "knew that the SENTIN-AL products would be used as a liner in a manufacturing process or during material transport (i.e., in processing equipment)." *Id.* at p. 7.

Accordingly, as the Court must construe the allegations in the Amended Complaint in favor of Westmoreland, the Court finds that Westmoreland has adequately alleged direct infringement of the '853 Patent by third parties.

### B. *Plaintiff Has Adequately Pled Claims for Induced Infringement*

Allied argues that Westmoreland's Amended Complaint fails to sufficiently plead claims for induced infringement of '464 and '853 Patents because Westmoreland has not pled facts to plausibly show that Allied "(a) knew it was inducing acts that would constitute infringement of the asserted patents, or (b) specifically intended to induce such infringement." Doc. No. 23-1 at pp. 9-11. Allied contends that Westmoreland must set forth proof in its Amended Complaint that Allied knew or specifically intended that its acts would induce infringement. *Id.*

To set forth a claim for induced infringement, a plaintiff must plead facts from which the Court can infer that a defendant intended its customers to infringe and knew that the customer's acts constituted infringement. *Telecomm Innovations, LLC v. Ricoh Company, Ltd.*, 966 F. Supp. 2d 390, 394 (D. Del. 2013) (citing *In re Bill of Lading*, 681 F.3d at 1339). Westmoreland has pled facts to adequately infer that Allied knew that its products could be used to infringe Westmoreland's patents - - because Allied had knowledge of the Patents and had been specifically warned by Westmoreland to not use its technology in a new product - - and that it intended the purchasers and users of those products to use the products in such a way to infringe Westmoreland's patents by specifically marketing the products to the users for lining aluminum manufacturing and/or processing equipment. Accordingly, Westmoreland has set forth sufficient facts to plead claims for induced infringement.

### C. Plaintiff Has Adequately Pled Claims for Contributory Infringement

Allied contends that Westmoreland has failed to plead facts that show Allied "knew its SENTIN-AL products were especially made or especially adapted for use in an infringement" and that Westmoreland has not set forth facts to that Allied's SENTIN-AL products have no substantial noninfringing uses. Doc. No. 23-1 at pp. 11-13.

Title 35 United States Code section 271(c) provides:

> Whoever offers to sell or sells within the United States or imports into the United States a component of a patented machine, manufacture, combination or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use, shall be liable as a contributory infringer.

To state a claim for contributory infringement, a plaintiff must plead facts that show an inference that the components sold or offered for sale have no substantial non-infringing uses. *In re Bill of Lading Transmission and Processing System Patent Litigation*, 681 F.3d 1323 (Fed. Cir. 2012). Allied urges the Court to consider the brochure attached to the Amended Complaint as Exhibit D which describes the SENTIN-AL products as for use in aluminum contact applications and "other light metal contact applications" to show that the products had a substantial non-infringing use. However, to defeat a claim for contributory infringement, alternative uses for the components must be substantial and must not be "unusual, far-fetched, illusory, impractical, occasional, aberrant, or experimental." *Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1327 (Fed. Cir. 2009).

Westmoreland argues that the Amended Complaint makes clear that the only uses of the SENTIN-AL products alleged are for the infringing use of manufacturing aluminum products.

The Court further finds that analyzing whether any other use of the SENTIN-AL products is "substantial" is inappropriate at the pleading stage. *See Vita-Mix*, 581 F.3d at 1327-1328 (performing an analysis of whether non-infringing uses of the product are "substantial.") Taking the allegations of the Amended Complaint as true and construing the pleadings in favor of Westmoreland, the Court finds that Westmoreland has stated a claim for contributory infringement.

### IV. Conclusion

For the reasons set forth, Defendant's Renewed Motion to Dismiss Under Rule 12(b)(6) (doc. no. 23) is DENIED.

SO ORDERED, this 13th day of June, 2016,

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge