IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WESTMORELAND ADVANCED MATERIALS, INC., | |
| Plaintiff, | 16cv0263<br>LEAD CASE<br>ELECTRONICALLY FILED |
| v. | |
| ALLIED MINERAL PRODUCTS, INC., | 16cv604<br>MEMBER CASE |
| Defendant. | |

**MEMORANDUM OPINION AND ORDER RE: DEFENDANT'S
MOTION TO DISMISS UNDER RULE 12(b)(6) (DOC. NO. 32)**

This consolidated patent infringement case was initiated on March 7, 2016 by Plaintiff Westmoreland Advanced Materials, Inc. ("Westmoreland" or "Plaintiff") against Defendant Allied Mineral Products, Inc. ("Allied" or "Defendant"). Doc. No. 1. Allied filed an initial Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on May 2, 2016 (doc. no. 12), and Westmoreland filed a brief in opposition to Allied's motion (doc. no. 19), and an Amended Complaint (doc. no. 18). The original Complaint filed in this action included claims for infringement of United States Patent Nos. 7,368,010 B2 (the "'010 Patent"), 7,824,464 B2 (the "'464 Patent"), and 8,123,853 B2 (the "'853 Patent"). Doc. No. 1.

In the Amended Complaint, Westmoreland removed claims regarding the '010 Patent. Doc. No. 18. Instead, Westmoreland filed another action against Allied, alleging infringement solely of the '010 Patent, at 16cv604, which was then consolidated with this action by the Court. Doc. No. 11. In response to Westmoreland's Amended Complaint, Allied filed a renewed motion to dismiss the Amended Complaint for failure to state a claim for induced infringement

or contributory infringement of the '464 and '853 Patents, which this Court denied on June 13, 2016. Doc. No. 37.

Now pending before the Court is Allied's Motion to Dismiss the Complaint filed at 16cv604. Doc. No. 32. Allied alleges that Westmoreland has failed to state a claim of direct infringement of the '010 Patent. *Id.* For the reasons that follow, the Court will DENY this motion.

**I.    Legal Standard Under Fed. R. Civ. P. 12(b)(6)**

Under Federal Rule of Civil Procedure 12(b)(6), a Complaint may be dismissed for "failure to state a claim upon which relief can be granted." Detailed factual pleading is not required - - Rule 8(a)(2) calls for a "short and plain statement of the claim showing that the pleader is entitled to relief" - - but a Complaint must set forth sufficient factual allegations that, taken as true, establish a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Complaints must be construed so "as to do substantial justice." Fed. R. Civ. P. 8(f).

The plausibility standard does not require a showing of probability that a claim has merit, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007), but it does require that a pleading show "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. Determining the plausibility of an alleged claim is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

A claim is plausible when the plaintiff alleges facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Twombly*, 550 U.S. at 555. The United States Court of Appeals for the Third Circuit instructs that a District Court must undertake three steps to determine whether a complaint sets forth a plausible claim for relief:

> First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013) (citation omitted).

The third step requires this Court to consider the specific nature of the claims presented and to determine whether the facts pled to substantiate the claims are sufficient to show a "plausible claim for relief." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013); *see also Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010).

When reviewing a motion to dismiss for failure to state a claim, the Court must view all of the allegations and facts in the complaint in the light most favorable to the plaintiff, and must grant the plaintiff the benefit of all reasonable inferences that can be derived therefrom. *Kanter v. Barella*, 489 F.3d 170, 177 (3d Cir. 2007) (quoting *Evancho v. Fisher*, 423 F.3d 347, 350 (3d Cir. 2005)). However, the Court need not accept inferences or conclusory allegations that are unsupported by the facts set forth in the complaint. See *Reuben v. U.S. Airways, Inc.*, 500 F. App'x 103, 104 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678); *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 664.

The Court may not dismiss a complaint merely because it appears unlikely or improbable that Plaintiff can prove the facts alleged or will ultimately prevail on the merits. *Twombly*, 550 U.S. at 563 n.8. Instead, the Court must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. *Id.* at 556. Generally speaking, a Complaint that provides adequate facts to establish "how, when, and where" will

survive a motion to dismiss. *Fowler,* 578 F.3d at 212. If a plaintiff sets forth sufficient facts to raise a "reasonable expectation that discovery will reveal evidence of the necessary elements" of plaintiff's claims, a motion to dismiss should be denied. *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016).

## II. Brief Factual Background[1]

The allegations in Westmoreland's Complaint, 16cv604, doc. no. 1, which are taken as true for the Court's evaluation of Allied's motion to dismiss, are as follows:

Westmoreland is the owner of United States Patent No. 7,368,010 B2 (the "'010 Patent"). Westmoreland acquired common ownership of the '010 Patent and United States Patent No. 7,772,146 ("the '146 Patent'") by assignment on May 11, 2016. Westmoreland manufactures and sells refractory aggregate compositions, including the compositions described and claimed in the '010 Patent, which are used by companies in the aluminum industry.

Among other things, Allied also manufactures and sells refractory aggregate compositions. In early 2015, Dr. Kenneth McGowan, president of Westmoreland, met with Allied representatives to discuss a potential business arrangement. Sometime during or prior to those meetings, Allied learned about the '010 Patent. Phil Wenzell, Manager of Strategy and Development of Allied, told Dr. McGowan that Allied planned to introduce a product specifically designed for the aluminum industry. Dr. McGowan told Mr. Wenzell that was "fine as long as the product they were introducing was not based upon Westmoreland's technology." 16cv604, Doc. No. 1, ¶ 13.

Dana Gorski, Allied's Director of Research, told Dr. McGowan that Allied's new product was based upon aluminum titanate and not upon Westmoreland's technology. However, the new

---

[1] The Court writes primarily for the Parties and will not set forth the factual background contained in the pleadings and briefs in great detail.

Allied product(s), SENTIN-AL M and/or SENTIN-AL H, are not based upon aluminum titanate, but are similar to Westmoreland's products AL II and AL II HD, respectively.

Attached to the Complaint is a brochure allegedly available on Allied's website[2] detailing the SENTIN-AL product as one of several products which Allied offers for sale and is ready to provide in response to any "urgent product request[s]" by potential customers. 16cv604, Doc. No. 1, Exh. E. Westmoreland alleges that the manufacture, sale, and/or offer for sale of the SENTIN-AL product constitutes willful and intentional infringement of Westmoreland's '010 Patent.

### III.  Analysis

#### A.  *Enforceability of the '010 Patent*

Allied argues that Westmoreland's allegations of direct infringement of the '010 Patent occurred outside of the time period when Westmoreland had common ownership of the '010 Patent and the '146 Patent'. Doc. No. 33, p. 8. Although Allied identifies the period of common ownership (and therefore enforceability of the '010 Patent pursuant to a terminal disclaimer) as a "**one day** time period starting May 11, 2016", doc. no. 33, p.3 (emphasis in original), the time period is more accurately described as *beginning* on May 11, 2016 and continuing through the present.

Direct infringement of a patent is established when a person or entity "without authority, makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent[.]" 35 U.S.C. § 271(a). The Federal Circuit Court of Appeals has indicated - - even post-*Iqbal* and *Twombly*,

---

[2] The Court acknowledges Allied's assertion that the brochure in Exhibit E "has **never** been available on Allied's website." Doc. No. 33, FN3 (emphasis in original). However, as Allied correctly states, for purposes of evaluating Allied's motion to dismiss, the Court must accept the factual allegations contained in the Complaint as true and draw all inferences therefrom in favor of Westmoreland. *Id.*

that a plaintiff claiming direct infringement of a patent need only set forth (1) ownership of the patent, (2) the infringer's name, (3) a citation to the infringed patent, (4) the infringing activity, and (5) citations to the federal patent law. *In re Bill of Lading Transmission,* 681 F.3d 1323, 1336 (Fed. Cir. 2012). The factual averments of Westmoreland's Complaint sufficiently establish that Allied manufactured and at least offered to sell the SENTIN-AL product. The allegations are not limited to the time period occurring prior to May 11, 2016.

Allied asks the Court to draw an inference in its favor - - that because Westmoreland alleged these same facts in its initial Complaint, filed March 7, 2016, the allegations cannot relate to the time period after May 11, 2016, when the '010 Patent became enforceable. Doc. No. 33, p. 11. The pleadings do not place any end-date on the time period during which Allied allegedly manufactured and offered to sell the SENTIN-AL product. 16cv604, Doc. No. 1. Accordingly, Westmoreland is entitled to the inference that these allegedly infringing activities are on-going.[3]

### B. *The Allegations Establish Allied's Offer to Sell SENTIN-AL*

Allied also argues that the SENTIN-AL brochures do not constitute "an offer for sale" to establish direct infringement of the '010 Patent. Doc. No. 33, p.13. However, the applicable standard of review for a district court evaluating the sufficiency of pleadings is whether or not the pleadings set forth sufficient factual averments to raise a "reasonable expectation that discovery will reveal evidence of the necessary elements" of the plaintiff's claims. *Connelly*, 809 F.3d at 789.

The brochure attached as Exhibit E to the Complaint, coupled with the other allegations that SENTIN-AL was introduced at a trade show (albeit at a trade show outside of the United

---

[3] The Court acknowledges Allied's Counsel's comments at the June 14, 2016 status conference indicating that Allied is no longer offering the SENTIN-AL product for sale. However, those comments are outside of the pleadings, and there is nothing to indicate at what point Allied ceased offering SENTIN-AL as a product for sale.

States) and actually sold to customers prior to the time period when the '010 Patent became enforceable, raises a reasonable expectation that discovery will reveal evidence of direct infringement of the '010 Patent.

Further, Allied's argument that an offer for sale must include a price misconstrues the purpose of Section 271's prohibition on "offers to sell" a patented product. The Federal Circuit has held that the purpose of the prohibition is to prevent a competitor from "generating interest in a potential infringing product to the commercial detriment of the rightful patentee." *3d Systems, Inc. v. Aarotech Labs., Inc.*, 160 F.3d 1373 (Fed. Cir. 1998). *Accord, MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*, 420 F.3d 1369, 1376 (Fed. Cir. 2005).

### IV. Conclusion

For the reasons set forth, Allied's Motion to Dismiss Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, (doc. no. 32), is DENIED.

SO ORDERED, this 23rd day of June, 2016,

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge