IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

WESTMORELAND ADVANCED
MATERIALS, INC.,

    Plaintiff,

v.

ALLIED MINERAL PRODUCTS, INC.,

    Defendant.

16cv0263
LEAD CASE
ELECTRONICALLY FILED

16cv604
MEMBER CASE

**MEMORANDUM ORDER RE: PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S FIFTH, SIXTH, AND SEVENTH COUNTERCLAIMS (DOC. NO. 55)**

    This consolidated patent infringement case was initiated on March 7, 2016 by Plaintiff Westmoreland Advanced Materials, Inc. ("Westmoreland" or "Plaintiff") against Defendant Allied Mineral Products, Inc. ("Allied" or "Defendant"). Doc. No. 1. The original Complaint filed in this action included claims for infringement of United States Patent Nos. 7,368,010 B2 (the "'010 Patent"), 7,824,464 B2 (the "'464 Patent"), and 8,123,853 B2 (the "'853 Patent"). *Id.* Allied filed an initial Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on May 2, 2016 (doc. no. 12), and Westmoreland filed an Amended Complaint (doc. no. 18).

    In the Amended Complaint, Westmoreland removed claims regarding the '010 Patent. Doc. No. 18. Instead, Westmoreland filed another action against Allied, alleging infringement solely of the '010 Patent, at 16cv604, which was then consolidated with this action by the Court. Doc. No. 11. In response to Westmoreland's Amended Complaint, Allied filed a renewed motion to dismiss the Amended Complaint for failure to state a claim for induced infringement

or contributory infringement of the '464 and '853 Patents, which this Court denied on June 13, 2016. Doc. No. 37.

Allied then filed a Motion to Dismiss the Complaint filed at 16cv604, doc. no. 32, which was also denied by the Court. Doc. No. 42. Allied filed Answers and Counterclaims to Westmoreland's Amended Complaint at 16cv263, doc. no. 51, and Complaint at 16cv604, doc. no. 50. Now pending before the Court is Westmoreland's partial Motion to Dismiss Allied's Fifth, Sixth, and Seventh Counterclaims with respect to United States Patent No. 8,465,585 ("the '585 Patent"), pursuant to Federal Rule of Civil Procedure 12(b)(1). Doc. No. 55.

I. Background

At issue are Allied's Fifth, Sixth, and Seventh Counterclaims against Westmoreland which seek declaratory judgments that the '585 Patent is invalid, unenforceable, or that Allied has not infringed the '585 Patent. Doc. Nos. 51 and 55. Westmoreland has not brought any claims against Allied related to the '585 Patent. *Id.*

Allied alleges that "[c]laims 1-9 of the '585 Patent require a calcium aluminate clinker that includes, inter alia, 'a source of barium that is substituted for calcium in the calcium aluminate clinker[,]'" but that its products, SENTIN-AL M and SENTIN-AL H, do not include a source of barium that is substituted for calcium in the calcium aluminate clinker. Doc. No. 51, ¶¶ 111 and 113. Allied also alleges that claims 10-30 of the '585 Patent "require 'a cast product or a shaped pressed product comprising a refractory composition comprising a refractory aggregate . . .'" and that SENTIN-AL M and SENTIN-AL H are "suitable for forming a cast product or shaped pressed product." ¶¶ 107 and 114.

Allied contends that, because the claims of the '585 Patent share commonality with the claims of the '010 Patent, the '464 Patent, and the '853 Patent - - for which Westmoreland has

brought direct and indirect infringement claims against Allied - - an actual case or controversy exists in the form of an implicit allegation that Allied is also infringing the '585 Patent. Doc. No. 51, ¶¶ 108-09.

## II. Legal Standards

### A. *Rule 12(b)(1)*

Motions made under Federal Rule of Civil Procedure 12(b)(1) challenge the Court's jurisdiction to decide the case. The party asserting jurisdiction, in this case Allied as the counterclaim-plaintiff, "bears the burden of showing that its claims are properly before the district court." *Dev. Fin. Corp. v. Alpha Housing & Health Care*, 54 F.3d 156, 158 (3d Cir. 1995).

There are two types of Rule 12(b)(1) motions: the "facial attack" which requires the Court to accept the factual allegations in the complaint as true to determine whether a federal cause of action exists; and the "factual attack," which permits the Court to consider evidence beyond the allegations contained in the complaint to decide whether jurisdiction is proper. *Mortensen v. First Federal Sav. and Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). In reviewing a motion to dismiss pursuant to Rule 12(b)(1), the Court must distinguish between facial attacks and factual attacks. *See Petruska v. Gannon Univ.*, 462 F.3d 294, 302 (3d Cir. 2006). The Parties here agree that Westmoreland's Motion to Dismiss presents a factual attack. Doc. Nos. 56, p. 7 and 59, p. 8.

When, as in this case, a defendant launches a factual attack on subject matter jurisdiction, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Petruska*, 462 F.3d at 302 (quoting *Mortenson*, 549 F.2d at 891). In a

factual attack, the Court must weigh the evidence relating to jurisdiction, with discretion to allow affidavits, documents, and even limited evidentiary hearings. *See United States ex rel. Atkinson v. Pa. Shipbuilding Co.*, 473 F.3d 506, 514 (3d Cir. 2007). In this case, neither Party has requested an evidentiary hearing, which weighs against holding one, and the Court finds that the Parties have had notice and opportunity to be heard on these issues. *See McCann v. Newman Irrevocable Trust*, 458 F.3d 281, 290 (3d Cir. 2006); *Berardi v. Swanson Mem'l Lodge No. 48*, 920 F.2d 198, 200 (3d Cir. 1990).

### B. The Case or Controversy Requirement

The Declaratory Judgment Act requires that a controversy exists between the parties before a federal court may exercise jurisdiction. 28 U.S.C. § 2201(a). An exercise of jurisdiction is proper where "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007). "[D]eclaratory judgment jurisdiction still exists even where a party has eliminated the imminent threat of harm simply by not doing what he claims he had the right to do." *Judkins v. HT Window Fashions Corp.*, 514 F. Supp. 2d 753, 761 (W.D. Pa. 2007) (*citing MedImmune*, 549 U.S. at 118).

### III. Discussion

Westmoreland argues that the Court has no jurisdiction over Allied's declaratory judgment counterclaims regarding the '585 Patent because no actual controversy exists between the Parties regarding that patent. Doc. No. 56. In support of its position, Westmoreland states that it told Allied it will not file a claim for infringement of the '585 Patent and also argues that: 1) the SENTIN-AL M and SENTIN-AL H products do not include a source of barium that is

4

substituted for calcium in the calcium aluminate clinker, and 2) the products are not a cast product or shaped pressed product. Doc. No. 56, pp. 5-6.

However, Allied illustrates that these arguments are at odds with the positions Westmoreland has taken in this litigation, including: 1) that Allied's SENTIN AL-H product includes a source of barium, and 2) Westmoreland has described the SENTIN-AL M product as a "castable refractory composition" in the original and amended complaints. Doc. No. 59. Further, Allied states that it disclosed to Westmoreland that both products have been used to make cast products and that Allied has sold cast products made from SENTIN AL-H and SENTIN-AL M.

Westmoreland argues that, although it has alleged that SENTIN-AL H contains a source of barium, the barium is "in the composition but not in the calcium aluminate clinker or aggregate," and that claims 1-9 of the '585 Patent require that the barium be substituted for calcium in the calcium aluminate clinker. Doc. No. 60, p. 2. Also, Westmoreland argues that Allied has not produced sufficient evidence to show that Allied or anyone else in the United States has ever made or sold a cast product from SENTIN-AL M or SENTIN-AL H - - stating that the photos of a cast product attached as Exhibit D to the Complaint do not clearly show a cast product made with SENTIN-AL as Allied suggests. Doc. No. 60, p. 3.

The Court finds that at this very early stage of litigation, the claims of the '585 Patent share sufficient commonality with the claims of the '010 Patent, the '464 Patent, and the '853 Patent, to suggest that there is an actual controversy between these Parties regarding the '585 Patent. Moreover, although Westmoreland has not yet brought any infringement claims against Allied regarding the '585 Patent, Westmoreland has specifically reserved the right to file a separate lawsuit if it receives "additional information." Doc. No. 59, p. 9.

Judicial economy also weighs in favor of the Court exercising jurisdiction over Allied's counterclaims in the present litigation because, as Allied notes, "the '585 Patent is integrally interwoven with the '010, '464 and '853 Patents. It is based on the same specification and its claims are directed to a cast product formed from the same composition to which the '010, '464 and '853 Patents are directed." Doc. No. 59, p. 9. The Court agrees that the issues of infringement, invalidity, and enforceability regarding the '585 Patent are "closely interwoven" with the same issues regarding the '010, '464, and '853 Patents. *Id.*

## IV. Conclusion

Accordingly, Westmoreland's partial Motion to Dismiss Allied's Fifth, Sixth, and Seventh Counterclaims, doc. no. 55, is DENIED.

SO ORDERED this 19th day of September, 2016,

s/Arthur J. Schwab_____
Arthur J. Schwab
United States District Judge